FRANK BLUE, PLAINTIFF-PROSECUTOR, v. JOHN L. SNITZ-LER, OVERSEER OF THE POOR, DEFENDANT.

Submitted May 12, 1933—Decided September 27, 1933.

Before Justices CASE, BODINE and DONGES.

For the plaintiff-prosecutor, *C. Raymond Lyons.*

For the defendant, *Thomas H. Hagerty.*

PER CURIAM.

The writ in this case brings up for review a judgment of filiation in an action by the overseer of the poor tried in the Quarter Sessions before a jury.

The first reason for reversal relates to the action of the trial court in sustaining an objection to the following question addressed to defendant's witness, Marie Becza: "Do you know what her [the complainant's] reputation is for truth and veracity in the neighborhood?" It clearly appeared from the testimony that the word "neighborhood" referred to the "neighborhood" where he had resided.

It was open to the defendant to impeach, if he could, complaining witness' testimony by showing that her reputation

for truth and veracity was poor. *7 Corp. Jur.* 989; *State* v. *Polhemus,* 65 *N. J. L.* 387; 47 *Atl. Rep.* 470. The foundation for the question was well laid. *State* v. *Baldanzo,* 106 *N. J. L.* 498; 148 *Atl. Rep.* 725, and the exclusion of the question was reversible error, if manifest wrong and injury was done to the defendant. We do not think it can be said that the error was harmless, although the proceeding was a civil one. *Montclair* v. *Eason,* 92 *N. J. L.* 199; 104 *Atl. Rep.* 291. It was essential that the plaintiff establish the truth of the charge. The defendant was harmed when he was precluded from showing the reputation of the complainant for truth and veracity.

Even though the proceeding in the Quarter Sessions was a trial *de novo,* there was no harm in asking the defendant on cross-examination if he had denied the charge as made in the recorder's court. It was a relevant inquiry as to his conduct on a former occasion when he had an opportunity to testify and failed so to do.

The charge of the court was not an invasion upon the rights of the jury. The comments of the court upon the testimony are within the bounds of the evidence. The issues were finally submitted to the jury in such a way that they must have realized that the facts must be found by them from the evidence, as they recalled it, before a verdict could be reached.

The judgment is reversed.